# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**RANDY C. LINDSEY, #38871**                                                               **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:08-cv-256-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. On December 2, 2008, an order [3] was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within thirty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case. Plaintiff failed to comply with this order.

On December 16, 2008, Plaintiff filed a response [4] to this Court's December 2, 2008, order [3]. This response did not comply with the Court's order [3] and Plaintiff did not pay the filing fee.

On February 3, 2009, an order [7] was entered directing Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to timely comply with the Court's December 2, 2008, order [3]. In addition, Plaintiff was directed to comply with the December 2, 2008 order by paying the full filing fee, within fifteen days. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff did not comply with the Court's order.

Plaintiff filed a response [9] to this Court's February 3, 2009, order to show cause [7] on

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

February 17, 2009. This response did not comply with the Court's February 3, 2009 order [7] and Plaintiff did not pay the filing fee.

Having reviewed both of Plaintiff's responses [4 & 9], this Court liberally construes these arguments as an attempt to meet the exception to 28 U.S.C. § 1915(g). Plaintiff states that he was assaulted by another inmate on January 16, 2009. Plaintiff filed the instant lawsuit on November 24, 2008. Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. *Id.* "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Having reviewed the allegations in the Plaintiff's original complaint filed November 24, 2008, and Plaintiff's responses [4 & 9] filed December 16, 2008 and February 17, 2009, the Court finds no assertions which indicate that the plaintiff was facing "impending" serious physical harm at the time of filing his complaint. The Court finds that at best Plaintiff is alleging failure to protect. Plaintiff's claims are insufficient to meet the threshold requirement of imminent danger of serious physical injury. *See Bankhead v. King*, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against

him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury). For the forgoing reasons, Plaintiff has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g).

Plaintiff has failed to comply with two Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the  18th  day of March, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

3